UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT FRANK SCHMITT, an individual;  )
and COM PRODUCTIONS, LLC,             )
                                      )
        Plaintiffs,                   )     03:11-CV-00602-LRH-VPC
                                      )
  v.                                  )
                                      )     ORDER
KEN FURLONG, an individual; and       )
CARSON CITY, a municipal corporation and )
political subdivision of the State of Nevada, )
                                      )
        Defendants.                   )
                                      )

This is a section 1983 action. Before the court is defendants Ken Furlong and Carson City's ("Furlong's") Motion for Summary Judgment (#18[1]). Plaintiffs Robert Frank Schmitt and Com Productions, LLC ("Schmitt") have responded (#33), and Furlong has replied (#39).

**I.   Facts and Procedural History**

Schmitt owns a bar in Carson City, Nevada. He also owns a production company, Com Productions, whose business involves putting on concerts. (Furlong's Motion for Summary Judgment ("MSJ") #18, Ex. 2, ¶ 4.) On June 17, 2010, Schmitt received a liquor license for his bar. (*Id*. at Ex. 2, ¶ 5.) This license included a "catering license," which allowed Schmitt to serve liquor

---

[1] Refers to the court's docket number.

1  at special events. (*Id*.)

2  On August 20, 2010, Schmitt obtained a permit to host a concert at a warehouse in Carson
3  City. (*Id*. at Ex. 3.) The permit authorized Schmitt to hold an event that same day from 4 p.m. to
4  11:59 p.m. (*Id*.) Schmitt had submitted an application in which he noted that the concert was open
5  to the general public and that Schmitt had secured sufficient parking and security. (*See, e.g.*, *id*. at
6  Exs. 2, 6.)

7  During the concert, members of the Carson City Sheriff's Office conducted a "business
8  check" at the warehouse. (*Id*. at Ex. 2, ¶ 8.) The purpose of the check was to verify compliance with
9  the permit restrictions. (*Id*.) Following the check, Carson City Sheriff Furlong was contacted. He
10 arrived at the venue to find inadequate provision for parking, inadequate security, and signs of gang
11 activity (including one gang-affiliated "bouncer" with the notable nickname "Psycho"). (*Id*. at Ex.
12 2, ¶¶ 10, 13, 14.)

13 Schmitt denied knowledge of any gang-related activity. (Id. at p. 2:10-13.) Furlong
14 conducted a "walkthrough" of the warehouse confined to areas open and accessible to the public.
15 (*Id*. at ¶ 12.) Neither Furlong nor the deputies conducting the "business check" had a search warrant
16 for the warehouse premises. (Schmitt's Declaration #33-2 at p. 2:2-3.) Furlong and his deputies
17 remained at the concert until it quietly wrapped up, shortly after midnight. (Furlong's MSJ at Ex. 2,
18 ¶ 21; Schmitt's Response #33-1 at Ex. 2.)

19 Based on the violations Furlong observed that evening, however, Furlong ordered an
20 emergency suspension of the catering portion of Schmitt's liquor license on September 2, 2010.
21 (Furlong's MSJ at Ex. 2, ¶ 25.) A copy of the emergency suspension order, along with a Notice to
22 Show Cause Hearing, was sent to Schmitt on that same day. (*Id*. at Exs. 9-10.) Schmitt did not
23 appear at the September 16 hearing. (*Id*. at Ex. 2, ¶ 26.) Following this hearing (at which Furlong
24 provided testimony), the Liquor Board revoked the catering portion of Schmitt's liquor license.
25 (*See id*. at Ex. 2, ¶ 27.)

26 //

Schmitt claims that Furlong's presence at the concert hampered his revenue for the event by discouraging potential attendees. (Schmitt's Declaration #33-2 at p. 2:14-16.) He also argues that he had to pay performers who did not have time to perform before Furlong shut down the concert. (*Id.* at p. 2:17-19.) Finally, Schmitt alleges that Furlong conducted unwarranted surveillance of his bar by placing "transmitters" inside gaming machines and that Furlong reprogrammed his security system. (*Id.* at pp. 2-3.)

Schmitt has lodged claims against Furlong and Carson City under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment, unreasonable search in violation of the Fourth Amendment, and violation of substantive due process rights under the Fourteenth Amendment. He has also lodged claims for declaratory relief and state law claims of trespass, interference with contractual relations, and negligent training.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson School District No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

## III. Discussion

At its heart, a section 1983 claim is composed of two pieces: that a right secured by the Constitution or federal law is violated and that it is violated by a person acting under color of state law. *See Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). Here, it is undisputed that Furlong was acting under color of state law. Therefore, the question is whether Furlong violated Schmitt's constitutional rights. The court finds he did not.

### A. First Amendment Retaliation

Schmitt bases his First Amendment retaliation claim on his complaints "that the entry and presence [of Sheriff Furlong or his deputies] was unwarranted." (Schmitt's Response #33 at p. 6:6-8.) Schmitt argues that he was retaliated against for making these complaints. However, Schmitt does not indicate the content of these complaints, when they were made, or to whom.

At the very least, Schmitt must prove that his speech was constitutionally protected and that Furlong took some adverse action against him because of his speech. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Schmitt has not raised a genuine issue of material fact with respect to either of these requirements. First, without any evidence of the content of

4

Schmitt's speech, it is impossible to tell whether Schmitt's speech is constitutionally protected. *See, e.g.*, *Swiecicki v. Delgado*, 463 F.3d 489, 502 (6th Cir. 2006) ("[S]peech does not lose its First Amendment protection unless it constitutes fighting words."). Even if Schmitt's speech were constitutionally protected, the dearth of evidence as to its timing and audience means that no reasonable jury could find for Schmitt on the causation requirement. For instance, it is not clear whether Furlong ever had knowledge of Schmitt's complaints during the relevant time. Schmitt has therefore failed to support his assertions by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment on the First Amendment claim is appropriate.

### B. Fourth Amendment Search

Governmental conduct amounts to a search when "the government violates a subjective expectation of privacy that society recognizes as reasonable." *United States v. Gonzalez*, 328 F.3d 543, 546 (9th Cir. 2003). But there is no reasonable expectation of privacy in areas open to public observation. *United States v. Bulacan*, 156 F.3d 963, 968 (9th Cir. 1998) ("Once an officer has observed an object in "plain view," the owner's privacy interest in that object is lost."). This applies to business premises open to the public: "a business operator has a reasonable expectation of privacy only in those areas from which the public has been excluded." *United States v. Dunn*, 480 U.S. 294, 316 (1987).

Here, Schmitt had no reasonable expectation of privacy in the publicly observable areas of the warehouse. Schmitt argues (1) that the officers did not pay for entry and were therefore excluded from the warehouse and (2) that the "business check" was an administrative search that exceeded its lawful bounds. Schmitt's first argument fails: even if the officers had trespassed, their observations in areas otherwise open to the public would not constitute a Fourth Amendment search. *Oliver v. United States*, 466 U.S. 170, 183 (1984) ("The law of trespass . . . forbids intrusions . . . that the Fourth Amendment would not proscribe."). *See also Andree v. Ashland County*, 818 F.2d 1306, 1314-15 (7th Cir. 1987) (holding that non-payment of admission did not turn officers' observations into a Fourth Amendment search). Schmitt's second argument is

5

1 irrelevant. An administrative "search" occurs only where the search intrudes upon areas not
2 observable to the public. *See, e.g., Marshall v. Barlow's, Inc.*, 436 U.S. 307, 315 (1978) ("What is
3 observable by the public is observable, without a warrant, by the Government inspector as well.").
4 It is undisputed that Furlong and his deputies confined their observations to areas observable by the
5 concert-goers. Therefore, with respect to the concert venue, Furlong is entitled to summary
6 judgment on Schmitt's Fourth Amendment claim.

7 Schmitt has also alleged that Furlong surreptitiously placed "transmitters" in his bar and
8 reprogrammed his security system.[2] (Schmitt's Declaration #33-2 at p. 3:1-4.) Furlong denies these
9 accusations. (Furlong's MSJ #18 at Ex. 2, ¶¶ 32, 34.) Schmitt's self-serving (and frankly
10 implausible) declarations are not enough to create a genuine issue of material fact. *F.T.C. v.*
11 *Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving
12 affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine
13 issue of material fact."). Therefore, with respect to Schmitt's bar, Furlong is also entitled to
14 summary judgment on Schmitt's Fourth Amendment claim.

### C.  Fourteenth Amendment Substantive Due Process Violation

16 Schmitt has not responded to Furlong's arguments against the alleged substantive due
17 process violation. Therefore, under Local Rule 7-2(d), Schmitt has abandoned these arguments.
18 Summary judgment is appropriate.

### D.  Municipal Liability

20 Since Schmitt has not raised a genuine issue of material fact as to any constitutional
21 violation, there is no municipal liability for such a violation. *Scott v. Henrich*, 39 F.3d 912, 916
22 (9th Cir. 1994). Therefore, summary judgment is appropriate on this claim as well. *Id.* (citing *City*
23 *of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) ("[N]either *Monell v. New York City Dept. of*

---

[2] Schmitt's actual testimony is the following: "I had noticed personally transmitters inside gaming machines that were later removed, but not by me. I personally noticed that the alarm codes for the alarm to the bar has [sic] been adjusted or altered, but not by me."

*Social Services,* 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when . . . the officer inflicted no constitutional harm.")).

### E.  State Law Claims

Since Schmitt has failed to carry his burden with respect to his federal claims,[3] the court declines to exercise supplemental jurisdiction over his state claims. *See* 28 U.S.C. § 1367(c)(3). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

## IV.  Conclusion

For the foregoing reasons, Schmitt has failed to raise a genuine issue of fact with respect to his federal claims. Summary judgment in favor of Furlong on these claims is therefore appropriate.

IT IS THEREFORE ORDERED that Furlong's Motion for Summary Judgment (#18) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Schmitt's state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 1st day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Schmitt has abandoned his prayer for declaratory relief. *See* Local Rule 7-2(d).

7